Richard FARMER, Plaintiff,

v.

HYDE YOUR EYES OPTICAL, INC., et al., Defendants.

No. 13–CV–6653 (GBD)(JLC).

United States District Court, S.D. New York.

Signed Nov. 13, 2014.

Jeffrey Jose Estrella, Peter M. Zirbes, Esq. P.C., Forest Hills, NY, for Plaintiff.

Paul Patrick Rooney, Ellenoff Grossman & Schole, LLP, New York, NY, for Defendants.

### MEMORANDUM ORDER

JAMES L. COTT, United States Magistrate Judge.

Before the Court in this wage and hour action are the motions of Jeffrey J. Estrella, Esq. and Peter M. Zirbes, Esq. to withdraw as counsel for plaintiff Richard Farmer. For the reasons discussed below, both motions are granted.

## I. BACKGROUND

Plaintiff, represented by counsel, filed this action on September 19, 2013, alleging failure to pay overtime compensation for hours worked in excess of 40 hours per week pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law. Complaint (Dkt. No. 1). Plaintiff subsequently amended his complaint to include a wrongful discharge claim after his employment was terminated subsequent to the filing of this action. Amended Complaint (Dkt. No. 3). Following an unsuccessful mediation session on March 27, 2014, plaintiff's first counsel moved to withdraw as plaintiff's

attorney on March 31, 2014 (Dkt. No. 29), which was granted by Judge Daniels on April 8 (Dkt. No. 31).[1] Thereafter, plaintiff proceeded *pro se* until Jeffrey Estrella, Esq. filed a notice of appearance on July 8 on behalf of the law office of Peter M. Zirbes, Esq., P.C., at which he was an associate attorney. (Dkt. No. 63).[2] Since that date, Mr. Zirbes has represented plaintiff in all submissions to the Court and at two discovery hearings.

Discovery in the case has been protracted and contentious. The Court has adjudicated a number of disputes and extended the discovery deadline three times. (Dkt. Nos.59, 64, 68). Discovery was due to close on November 14;[3] however, as of the most recent hearing held on October 17, defendants stated that they had not yet taken plaintiff's deposition because he had yet to produce several documents and information about which defendants seek to question him. Defendants first alerted the Court to plaintiff's failure to fulfill his discovery obligations by letter dated July 7, when plaintiff was proceeding *pro se.* (Dkt. No. 61). Although plaintiff subsequently produced some of the information, to date the majority of defendants' requests remain unfulfilled, despite an apparent understanding reached between the parties at the end of July, and despite two orders compelling plaintiff to produce the requested documents or face sanctions for noncompliance—each order following a hearing during which plaintiff told the Court he would produce the information. (*See* Dkt. Nos. 65 (Defs.'s August 26 Letter–Motion), 73 (September 19 Order), 80

(October 17 Order)). Defendants' latest motion to compel, which also seeks various sanctions for plaintiff's violation of the Court's orders, is pending. (Dkt. No. 81).

Mr. Estrella moved to withdraw as plaintiff's counsel on October 15. Motion to Withdraw as Plaintiff's Counsel dated October 15, 2014 ("Estrella Motion") (Dkt. No. 76). In his motion, Mr. Estrella explains that, as of September 26, he is no longer affiliated with the law office of Peter M. Zirbes, Esq. P.C. Estrella Motion ¶¶ 1, 2. He maintains that he has had no contact with plaintiff since September 26 and even prior thereto. *Id.* ¶ 3. Moreover, Mr. Estrella asserts that there has been "complete dissonance" and "a breakdown in communication" between plaintiff and Mr. Estrella since before September 26 "as well as difficulties with respect to the terms on which his prior firm was retained, which render it impossible for [Mr. Estrella] to continue to provide effective representation for [p]laintiff." *Id.* ¶¶ 4, 6.

Mr. Zirbes moved to withdraw as plaintiff's counsel at the October 17 hearing during an *ex parte* discussion the Court held with Mr. Zirbes and plaintiff.[4] In accordance with the Court's directive, Mr. Zirbes filed a written motion under seal on October 31, summarizing the purported deterioration of the attorney-client relationship to which he attested at the conference. Zirbes Declaration in Support of Motion to Withdraw as Counsel ("Zirbes Declaration") (Dkt. No. 84). Like Mr. Estrella, Mr. Zirbes asserts that there are

---

1. By Order dated April 17, 2014, Judge Daniels referred this case to me for general pretrial supervision. (Dkt. No. 36).

2. Mr. Estrella noted in this filing, which also included a motion to extend the period for discovery, that "Mr. Zirbes will supersede my appearance as attorney of record once he resolves his admission status." (Dkt. No. 63).

3. On November 3, the Court stayed discovery *sua sponte* until the issue of plaintiff's representation is resolved. (Dkt. No. 85).

4. Mr. Zirbes first sought the Court's permission to move to withdraw by letter dated October 15, 2014. (Dkt. No. 77).

irreconcilable differences between himself and plaintiff that have led to a complete breakdown in the attorney-client relationship. Mr. Zirbes claims that plaintiff has been uncooperative in providing him with the necessary information to comply with plaintiff's discovery obligations, contending that plaintiff often does not respond to his emails or calls, and that communications between attorney and client, when they occur, have become contentious.

Specifically, Mr. Zirbes states that he committed in good faith to producing the requested documents and information to defendants after negotiations held over three days at the end of July; however, plaintiff provided Mr. Zirbes with only a limited portion of the information—and only after the agreed-upon deadline had passed—which Mr. Zirbes immediately produced to defendants. Defendants then sought judicial intervention to compel production of the remaining information. A hearing was held on September 19 at which Mr. Zirbes pledged to the Court that he would produce the outstanding information by the court-imposed deadline of October 3. (See Dkt. No. 73). Mr. Zirbes asserts that, despite repeated attempts to secure the information from plaintiff to produce to defendants, plaintiff was uncooperative and often uncommunicative, which frustrated Mr. Zirbes' ability to schedule plaintiff's deposition and generally stalled the case.[5] At the October 17 hearing, the Court imposed a new deadline of October 24 by which plaintiff was to produce the remaining documents and information. Mr. Zirbes represents, however, that as of October 24, plaintiff had not yet furnished the necessary information to comply with the Court's order and, despite Mr. Zirbes' attempts to contact plaintiff,

he had not been in communication with Mr. Zirbes since the October 17 hearing.

Plaintiff opposed Mr. Zirbes' application to withdraw in a letter dated October 17, which he filed in anticipation of Mr. Zirbes' written motion. (Dkt. No. 79). In that letter, plaintiff states that he was "unaware of any breakdown in the attorney-client relationship" and that he has been "blindsided" by Mr. Zirbes' request to withdraw. Id. Following the submission of Mr. Zirbes' motion, the Court gave plaintiff until November 10 to submit any additional response to the motions to withdraw. (Dkt. No. 85). Having received no further submission, the Court will consider the motions on the current record.

## II. DISCUSSION

■ Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel. Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

In determining the motion, the Court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Thekkek v. LaserSculpt, Inc.*, No. 11–CV–4426 (HB) (JLC), 2012 WL 225924, at *2 (S.D.N.Y.

---

**5.** According to Mr. Zirbes' declaration, plaintiff provided him with two more categories of

documents on October 7, which Mr. Zirbes promptly produced to defendants.

Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.,* No. 10–CV–3773 (AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)) (internal quotation marks omitted); *see also Ashmore v. CGI Grp., Inc.,* No. 11–CV–8611 (AT), 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) *reconsideration granted, judgment vacated in part,* 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (citation omitted).

■ "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions,* No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice); *see also Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York,* No. 04–CV–1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and

the plaintiff"); *Fischer v. Biman Bangladesh Airlines,* No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

### A. *Estrella's Motion*

■ The termination of Mr. Estrella's affiliation with the law firm that plaintiff retained to represent him is sufficient reason in and of itself to grant Mr. Estrella's motion to withdraw as plaintiff's attorney. Moreover, it appears that Mr. Estrella may have been less involved in plaintiff's representation, as the intention from the start was that Mr. Zirbes would replace Mr. Estrella as attorney of record once Mr. Zirbes resolved an issue related to his Southern District of New York admission status. (*See* Dkt. No. 63).[6] But Mr. Estrella provides an additional reason for withdrawing: a breakdown in communication with plaintiff predating Mr. Estrella's departure from the firm, which culminated in "complete dissonance" between plaintiff and counsel. As discussed above, such a breakdown in communication constitutes satisfactory reasons for withdrawal as well. *See, e.g., Naguib,* 2014 WL 2002824, at *1; *Munoz,* 2008 WL 2843804, at *1.

### B. *Zirbes' Motion*

Mr. Zirbes argues that plaintiff has failed to cooperate in the prosecution of his case and has been at times non-responsive and at other times contentious. Plaintiff contests that there was a breakdown in the attorney-client relationship and asserts that he feels "blindsided" by Mr. Zirbes' motion. Given the withdrawal of plaintiff's previous counsel, the months plaintiff liti-

---

**6.** The Court verified at the October 17 hearing that Mr. Zirbes is admitted to the bar of the Southern District of New York.

gating his case *pro se,* and the relatively brief duration of Mr. Zirbes' representation, plaintiff is understandably upset.

■ However, the *ex parte* proceeding before the Court on October 17 revealed an obvious breakdown in the attorney-client relationship, as plaintiff and Mr. Zirbes agreed on virtually nothing with respect to the past, present, and future course of the litigation. Moreover, plaintiff's opposition to Zirbes' application further demonstrates "that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other." *Benvenisti v. City of New York,* No. 04–CV–3166 (JGK)(RLE), 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006). Under these circumstances, courts have found that "a termination of the relationship would be in the best interest of both." *Id.; accord Naguib,* 2014 WL 2002824, at *1 (explaining that both counsel's motion to withdraw because of client's refusal to cooperate and client's opposition, alleging counsel failed to protect her interests, "reflect that the attorney-client relationship has broken down"); *Karimian,* 2011 WL 1900092, at *2 (granting counsel's motion to withdraw despite client's opposition because it was clear that attorney-client relationship was "beyond repair"). Upon determining that satisfactory reasons for withdrawal exist, the Court need not decide "who or what caused the irreconcilable differences" between plaintiff and his counsel. *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* No. 96–CV–2839 (RPP)(AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) (clarifying that issues of fault are not relevant to standard for attorney withdrawal but only go to whether there is "good cause" to

preserve attorney's charging lien in event of withdrawal).

■ "A court determining whether to grant a motion to withdraw as counsel may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Stair v. Calhoun,* 722 F.Supp.2d 258, 265 (E.D.N.Y. 2010) (quoting *Whiting v. Lacara,* 187 F.3d 317, 320–21 (2d Cir.1999)); *Thekkek,* 2012 WL 225924, at *2 (noting that courts generally deny motions to withdraw on eve of trial). Although the discovery period is nearly over, no trial date has been set yet. Mr. Zirbes' withdrawal may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted.

Finally, the Court notes that Mr. Zirbes has said that he is "waiving any fees that are due under the retainer agreement" but did not affirmatively state whether he is asserting a retaining or charging lien (despite the fact that the Court directed him to do so at the October 17 hearing and he indicated at that time that he was "probably inclined" to waive any lien).[7] Nor does Mr. Estrella address this issue in his motion papers, as is required by Local Rule 1.4. Accordingly, both Mr. Zirbes and Mr. Estrella are directed to file declarations no later than November 20, 2014 as to whether they are asserting any type of lien in this case.[8]

### III. CONCLUSION

For the reasons discussed above, Mr. Estrella's and Mr. Zirbes' motions to withdraw as counsel for plaintiff are granted. Mr. Zirbes is directed to deliver a copy of this Memorandum Order to plaintiff and file a certificate of service to that effect.

[7] In his submission, Mr. Zirbes claims entitlement only to a $290.75 expense for service of process of a subpoena.

[8] These declarations should be filed on the public docket, not under seal.

Both Mr. Estrella and Mr. Zirbes are directed to submit supplemental declarations by November 20, 2014 as described herein.

The Clerk of the Court is requested to close the motion at Docket Number 76.

**SO ORDERED.**